*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-350

APRIL TERM, 2013

| | | |
|---|---|---|
| In re Appeal of Susan and Joseph Tropeano | } | APPEALED FROM: |
| | } | |
| | } | Human Services Board |
| | } | |
| | } | |
| | } | DOCKET NO. R-06/12-360 |

In the above-entitled cause, the Clerk will enter:

Petitioner* appeals pro se from a decision by the Human Services Board concluding that the Department for Children and Families correctly calculated petitioner's eligibility for benefits under two state programs, VPharm-2 and 3Squares VT.  We affirm.

Petitioner applied for food stamps and prescription drug coverage in April 2012. Eligibility for the drug program petitioner applied to is based on family income, and to be eligible the household must be below the applicable federal poverty limit.  Food stamps are calculated based on net income after deducting for specified expenses.

Petitioner reported her income of $1931 gross per month and that she lived with her husband.  Based on her income, the Department found her eligible for $48 in food stamps benefits and for VPharm-2.  She requested a fair hearing, which was conducted by a hearing officer.  In his decision, the hearing officer noted that the Tropeanos had raised issues relating to past mistreatment by other institutions and government agencies, but that he was limited to reviewing Ms. Tropeano's income eligibility for the state programs.  He indicated that he forwarded a packet of written materials to the Vermont Attorney General on the Tropeanos' behalf.  The hearing officer explained that the Tropeanos did not dispute the Department's determinations of income and eligibility and affirmed the decision.

The Human Services Board held a hearing and affirmed.  The Board explained that there was no dispute that the Department correctly determined petitioner's income and that its decisions regarding eligibility for VPharm and 3SquaresVT were in accord with the applicable regulations. Petitioner appealed to this Court.

On appeal, we defer to the Board's decisions, and we "will not set aside the Board's findings unless they are clearly erroneous."  In re E.C., 2010 VT 50, ¶ 6, 188 Vt. 546 (mem.). "Our review is thus limited to determining whether the Board applied the proper legal standard, whether the evidence before the Board reasonably supports its findings, and whether the Board's findings reasonably support its conclusions."  Id.  "In reviewing the sufficiency of the Board's

---

* Although both Susan and Joseph Tropeano are named in this appeal, Susan Tropeano was the sole applicant for benefits.

findings, we will construe the record in a manner most favorable to the Board's conclusions." Id. (quotation omitted).

On appeal, petitioner makes many general accusations of wrongdoing. She asserts that crimes have been committed against the Tropeanos resulting in, among other things, the Tropeanos' loss of their home and finances. Petitioner also alleges that she is being denied insulin, which is endangering her life. Petitioner claims that these crimes have been perpetrated by unnamed police and government agencies, and that there are impostors at the attorney general's office and this Court who are perpetuating the offenses against petitioner. Petitioner also alleges that a pharmacy has declined to accept her VPharm card and to fill her prescription.

Petitioner's allegations attempt to litigate claims that are beyond the scope of this appeal. This Court's review is limited to the record and evidence provided to the Human Services Board, and this Court cannot consider facts brought for the first time on appeal. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (explaining limited scope of Supreme Court's review on appeal as confined to record and evidence adduced at trial). The hearing before the Board was to determine whether the Department correctly determined petitioner's eligibility for food stamps and drug coverage. At that hearing, petitioner did not dispute the income the Department used to calculate her benefits or that its calculations accorded with the applicable regulations. On appeal, petitioner generally alleges that the Department incorrectly determined her eligibility, but does not specify what errors were made or how this would affect the result. Petitioner has not articulated any discernible claims of error in the decision by the Board. Accordingly, we find no basis to disturb the judgment.

Finally, we note that petitioner has challenged some of the procedural requirements for bringing an appeal to this Court, noting she is limited as a non-lawyer in complying. None of the procedural requirements have blocked petitioner from presenting her case or have influenced the result.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice